UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| LINTER RAY ROUSE, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:22-CV-265-TAV-JEM |
| DARRELL HOLT, | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

This civil case is before the Court on defendant's Motion to Dismiss [Doc. 9]. Plaintiff has not responded, and the time for doing so has long passed. *See* E.D. Tenn. L.R. 7.1(a). For the reasons explained below, defendant's Motion to Dismiss [Doc. 9] will be **GRANTED**, and this case will be **DISMISSED**.

## I. Background

Plaintiff filed this action on July 29, 2022 [Doc. 1]. In his complaint, plaintiff asserts causes of action for "conspiracy against rights," in violation of 18 U.S.C. § 242, and "threats made towards [plaintiff] and his family by [defendant]," in violation of 18 U.S.C. § 245 [*Id.* at 6]. Plaintiff contends that defendant owns the livestock that "got out," causing him to wreck in his car and sustain injuries [*Id.* at 7]. Plaintiff maintains that defendant harasses his family and states that "no court will make him pay ever" [*Id.*].

## II. Standard of Review

Defendant has brought a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). Rule 12(b)(1) permits a party to seek dismissal based on a lack of subject matter

jurisdiction. Rule 12(b)(1) motions fall into two categories: "facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "A facial attack is a challenge to the sufficiency of the pleading itself." *Id*. In considering whether jurisdiction has been established on the face of the pleading, "the court must take the material allegations of the [pleading] as true and construed in the light most favorable to the nonmoving party." *Id*. (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974)). "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Id*.

Here, defendant's Rule 12(b)(1) argument is properly construed as a facial attack, as he contends that the Court lacks subject matter jurisdiction because the federal criminal statutes upon which plaintiff relies do not provide a private right of action [Doc. 9]. Thus, the Court must take the material allegations of the complaint as true and construe them in the light most favorable to plaintiff. *See Ritchie*, 15 F.3d at 598.

Generally, under this Court's local rules, "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2. The Court notes that in addition to failing to timely respond, plaintiff also failed to respond to the Court's show cause order entered on April 5, 2023, giving plaintiff 10 days to show cause why defendant's motion should not be granted as unopposed [Doc. 11]. However, the Sixth Circuit has held that, in the context of a motion to dismiss, a moving party must meet its initial burden under the Federal Rules, even if an adverse party fails to respond. *See*

2

*Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Thus, despite plaintiff's failure to respond, the Court will analyze whether defendant has met his burden under Rule 12(b)(1).[1]

**III. Analysis**

Defendant argues that there is no basis for federal question jurisdiction because the federal criminal statutes upon which plaintiff relies do not provide a private right of action [Doc. 9].

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In other words, federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "There are two types of subject matter jurisdiction bestowed upon the federal district courts: federal question jurisdiction and diversity jurisdiction." *Lee v. Money Gram Corp. Off.*, No. 15-cv-13474, 2016 WL 3524332, at *1 (E.D. Mich. May 23, 2016). Federal question jurisdiction exists when the civil action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists in civil actions between citizens of different states where the matter in controversy exceeds "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1).

---

[1] The Court is also mindful that plaintiff is proceeding pro se, and, as such, his pleadings should be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). However, plaintiff's pro se status does not exempt him from the requirement of complying with relevant rules of procedural and substantive law. *See Felts v. Cleveland Hous. Auth.*, 821 F. Supp. 2d 968, 970 (E.D. Tenn. 2011).

3

Here, plaintiff alleges that the basis for the Court's jurisdiction is federal question jurisdiction [Doc. 1, p. 6]. Plaintiff cites to 18 U.S.C. §§ 242 and 245 as the specific federal statutes at issue in this case [*Id.*]. However, as defendant has pointed out, these federal criminal statutes do not give rise to a private cause of action. *See Collins v. First Tenn. Bank*, No. 06-2762, 2007 WL 896085, at *2 (W.D. Tenn. Mar. 22, 2007) (stating there is no private right of action under §§ 242 and 245); *see also United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (stating there is no private right of action under § 242) *Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002) (same); *Duncan v. Cone*, No. 00-5705, 2000 WL 1828089, at *1 (6th Cir. Dec. 7, 2000) (same). Thus, federal question jurisdiction cannot exist based on these two statutes.

In addition, as defendant has further pointed out, if plaintiff was attempting to bring a cause of action under 42 U.S.C. § 1983, plaintiff's claim cannot survive because plaintiff has alleged that defendant is a farmer, not a state actor [Doc. 1, p. 2]. *See Collins*, 2007 WL 896085, at *2 ("In order to be subject to suit under § 1983, defendant's actions must be fairly attributable to the state.") (internal quotation marks omitted). Thus, federal question jurisdiction cannot exist on this basis either. Based on the foregoing, plaintiff has failed to sufficiently allege federal question jurisdiction.

Finally, even if plaintiff intended to allege the basis for jurisdiction as diversity jurisdiction, plaintiff's allegations would also fail. In addition to neglecting to list defendant's citizenship in the space provided [Doc. 1, p. 6], plaintiff alleges that the amount in controversy is between $30,000 and $50,000 [*Id.* at 7], which is not enough to satisfy

the amount in controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a) (stating "the matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and costs"). Thus, plaintiff has not sufficiently alleged diversity jurisdiction either.

## IV. Conclusion

For the reasons stated above, the Court lacks subject matter jurisdiction to hear this case. As a result, defendant's Motion to Dismiss [Doc. 9] will be **GRANTED**, and this case will be **DISMISSED**. A separate judgment will enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE